UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STAN P. HARRIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1]<br><br>　　　　Defendant. | 1:16-cv-0384-GSA<br><br>**ORDER DIRECTING ENTRY OF JUDGMENT IN FAVOR OF PLAINTIFF, STAN P. HARRIS, AND AGAINST NANCY A. BERRYHILL. ACTING COMMISSIONER OF SOCIAL SECURITY** |

**I.　INTRODUCTION**

　　Plaintiff Stan Harris ("Plaintiff") seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying his application for Supplemental Security Income ("SSI") pursuant to Title XVI of the Social Security Act. (Doc. 16). The Commissioner filed an Opposition and a Cross-Motion for Summary Judgment. (Doc.17). Plaintiff filed a reply. (Doc. 18). The matter is currently before the Court on the parties'

---

[1] Pursuant to Fed. R. Civ. Pro. 25(d), Nancy A. Berryhill shall be substituted in for Carolyn W. Colvin, as Nancy A. Berryhill is now the acting Commissioner of Social Security.

1

briefs which were submitted without oral argument to the Honorable Gary S. Austin, United States Magistrate Judge.[2] After reviewing the administrative record and the pleadings, the Court finds the ALJ did not apply the correct legal standards, and that the decision is not supported by substantial evidence. Plaintiff's appeal is GRANTED in part, and Defendant's Cross-Motion for Summary Judgment (Doc. 17) is DENIED. The case is remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

## II. BACKGROUND AND PRIOR PROCEEDINGS[3]

Plaintiff most recently filed an application for SSI on May 1, 2012, alleging a disability beginning September 14, 2004.[4] AR 20; 313-321; 369. His application was denied initially on August 9, 2012, and on reconsideration on March 22, 2013. AR 20; 248-253. Plaintiff requested a hearing before an administrative law judge ("ALJ"). AR 254-257. ALJ John Cusker conducted a hearing on May 30, 2014 (AR 36-69), and published an unfavorable decision on July 14, 2014. AR 17-30. Plaintiff filed an appeal and the Appeals Council denied the request for review on January 19, 2016, rendering the order the final decision of the Commissioner. AR 1-8; 42 U.S.C. §§ 405(g); 1383(c).

## III. ISSUES FOR JUDICIAL REVIEW

Plaintiff alleges that the ALJ improperly found he was not eligible for benefits. Specifically, Plaintiff argues that: (1) the ALJ did not properly address his advanced age which was approaching 55 at the time the decision was issued, and therefore improperly applied the Medical-Vocational Guidelines ("the Grids") when evaluating his case; (2) the ALJ did not give specific and legitimate reasons for rejecting the opinions of Plaintiff's treating psychiatrist, neurologist, or the consultative psychologist; and (3) the ALJ's application of the presumption of continuing nondisability based on Plaintiff's prior applications was error given the ALJ's improper assessment of the medical evidence. Plaintiff requests that the case be remanded for an

---

[2] The parties consent to magistrate judge jurisdiction. *See*, Docs. 6 and 8.

[3] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

[4] This is Plaintiff's fifth application for SSI. AR 215. His most recent prior application was appealed to this Court. It was recommended that judgment be entered in favor of the Commissioner, and District Court Judge Anthony W. Ishii adopted the recommendation on December 21, 2011. AR 20; 211-236.

2

award of benefits, or alternatively, that the case be remanded for further proceedings. (Doc. 16. pgs. 11-25; Doc. 18, pgs. 1-12). The Commissioner opposes each of these arguments and contends that: (1) the ALJ properly considered Plaintiff's advanced age and found he was not disabled based on the vocational expert's ("VE") testimony; (2) the ALJ's evaluation of the medical evidence was proper; and (3) Plaintiff has not rebutted the presumption of continuing non-disability. Therefore, the ALJ's decision should be affirmed. (Doc. 17, pgs. 5-15).

**IV.  THE MEDICAL RECORD**

The Court has reviewed the entire medical record and the relevant sections will be discussed below as necessary. AR 456-1521.

**V.   THE DISABILITY DETERMINATION PROCESS**

To qualify for benefits under the Social Security Act, a plaintiff must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). An individual shall be considered to have a disability only if:

> . . . his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

To achieve uniformity in the decision-making process, the Commissioner has established a sequential five-step process for evaluating a claimant's alleged disability. 20 C.F.R. § 416.920(a). The ALJ proceeds through the steps and stops upon reaching a dispositive finding that the claimant is or is not disabled. 20 C.F.R. § 416.920 (a)(4). The ALJ must consider objective medical evidence and opinion testimony. 20 C.F.R. § 416.913. Specifically, the ALJ is required to determine: (1) whether a claimant engaged in substantial gainful activity during the period of alleged disability; (2) whether the claimant had medically-determinable "severe" impairments; (3) whether these impairments meet or are medically equivalent to one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1; (4) whether the claimant

3

retained the residual functional capacity ("RFC") to perform his past relevant work; and (5) whether the claimant had the ability to perform other jobs existing in significant numbers at the regional and national level. 20 C.F.R. § 416.920(a)(4).

## VI. SUMMARY OF THE ALJ'S FINDINGS

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff did not meet the disability standard. AR 20-30. At step one, he found that Plaintiff had not engaged in substantial gainful activity since May 26, 2012, the application date. AR 22. At step two, the ALJ identified a history of right knee surgery, degenerative disc disease involving Plaintiff's neck, and schizoaffective disorder as severe impairments. AR 22. At step three, the ALJ determined that the severity of Plaintiff's impairments did not meet or exceed any of the listed impairments. AR 23. In doing so, the ALJ noted that Plaintiff's did not show that his impairments changed from the findings contained in the prior ALJ's decision. AR 23.

Based on a review of the entire record, the ALJ determined that Plaintiff had the RFC to lift and carry up to twenty pounds occasionally and ten pounds frequently, and that he could sit, stand, and walk up to six hours in an eight-hour workday. He also found Plaintiff was able to perform simple repetitive tasks. AR 24. After considering the testimony of a VE, the ALJ determined that Plaintiff could not perform his past relevant work, but that there was a significant number of jobs in the national economy that Plaintiff could perform including a marker, a bench assembler, and a bottle line attendant. AR 29-30. Therefore, Plaintiff was not disabled under the Social Security Act. AR 30.

## VII. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether: (1) it is supported by substantial evidence; and (2) it applies the correct legal standards. *See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).

"Substantial evidence means more than a scintilla but less than a preponderance." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). It is "relevant evidence which,

considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Id.* "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id.*

**VIII. DISCUSSION**

      **A. The ALJ Did Not Properly Assess Plaintiff's Advanced Age.**

Plaintiff was within three days of his 55th birthday on the day the ALJ issued his decision finding Plaintiff was not disabled. Plaintiff argues that the ALJ erred because he mistakenly believed that Plaintiff was a younger individual (under 49) on the date he filed his application, rather than his actual age of 52. Because Plaintiff was almost 55 when the decision was issued, Plaintiff contends that the ALJ should have considered his borderline age since he would be disabled under the advanced age category given the ALJ's findings that Plaintiff was only capable of performing light work and simple tasks. 20 C.F.R. pt. 404, Subpt. P. App. 2, 202.00 (c); (Doc. 16, pg. 10-11; Doc. 18, pgs. 2-3). Defendant contends that the ALJ properly considered Plaintiff's age because the ALJ considered VE testimony when determining that Plaintiff was not disabled. (Doc. 16, pgs. 5-6).

A review of the record reveals that the ALJ erred because he mistakenly believed Plaintiff was in a younger age category and therefore, applied the wrong rule under the grids. When finding Plaintiff could perform other work on July 14, 2014, the ALJ cited Medical Vocational Rule 202.21, which applies to younger individuals (ages 45-49) with no transferrable skills. AR 30; 20 C.F.R. Pt. 404, Subpt. P, App. 2, Table No. 2. This is incorrect because at the time of the hearing, Plaintiff was 54 years old and as such he was considered an individual closely approaching advanced age. See 20 C.F.R. § 416.963(d). Additionally, Plaintiff turned 55 years old three days after the ALJ issued his order, and therefore, became an individual of advanced age (55 and over). AR 24; *See* 20 C.F.R. § 416.963(e) (defining advances age as 55 or older).

Pursuant to the regulations, an adjudicator "will not apply the age categories mechanically in a borderline situation." 20 C.F.R. § 416.963(b). "If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age

5

category after evaluating the overall impact of all the factors of your case." *Id*. The specific factors that an adjudicator must use in these circumstances have not been identified. However, courts are required to review the ALJ's decision to determine whether the ALJ considered this issue in borderline age cases. *Lockwood v. Comm'r of Soc. Sec.*. 616 F.3d 1068, 1071-72 (9th Cir. 2010).

In *Lockwood*, the claimant was within one month and three days of his 55th birthday. The ALJ had cited claimant's birth date and found that claimant, at age 54, was an individual closely approaching advanced age (50-54). The ALJ relied on the testimony of a VE and concluded that the claimant was not disabled. Based on these facts, the Court found the ALJ properly considered the issue because the decision indicated claimant was just shy her 55th birthday, at which time she would be an individual of advanced age, and cited 20 C.F.R. 20 C.F.R. 404.1563(b) (the Title II equivalent of 20 C.F.R. § 416.963(b)). Under those circumstances, the Court was satisfied that the ALJ had considered claimant's borderline age. *Id*.

Here, it is not clear that the ALJ considered this issue. Although the Commissioner argues the ALJ's analysis is proper because he relied on the VE's testimony to reach his disability determination, there is no indication that the ALJ considered Plaintiff's advanced age when doing so. To the contrary, the ALJ appears to have miscalculated Plaintiff's age based on the date of birth and referenced the Grids using a younger age category. AR 29-30. Therefore, the case will be remanded so that the ALJ can consider Plaintiff's borderline age at the time of the hearing, and properly apply the appropriate grid category.

**B. The ALJ Improperly Evaluated the Medical Evidence and Therefore Erred in Finding a Presumption of Continuing Nondisability.**

*1. Plaintiff's Psychological/Mental Impairments*

There were four doctors who evaluated Plaintiff's mental impairments : (1) Dr. Zhang, Psy. D., a consultative psychologist; (2), Dr. Collado, M.D., Plaintiff's treating psychiatrist, and (3) Dr. Ikawa, and Dr. Morgan, two non-examining physicians. "When there is conflicting medical evidence, the Secretary must determine credibility and resolve the conflict." *Matney v.*

*Sullivan*, 981 F.2d 1016, 1019 (9th Cir.1992). Here, although it is not entirely clear, the ALJ appears to have credited the two non-examining physician's opinions. Because the ALJ rejected the treating and examining doctors' opinions, he needed to provide specific and legitimate reasons for doing so. *Ghanim v. Colvin*, 763 F. 3d 1154,1161 (9th Cir. 2013); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).

Plaintiff contends that that ALJ's evaluation of the medical evidence is not supported by substantial evidence because ALJ did not give specific and legitimate reasons for rejecting Dr. Zhang's and Dr. Collado's opinions. (Doc. 16, pgs. 13- 18; Doc. 18, pgs. 6-9). The Commissioner argues the ALJ properly considered the two doctors' opinions. (Doc. 17, pgs. 7-11). A review of the record reveals that the ALJ's analysis with regard to Dr. Zhang's opinion is not supported by substantial evidence, however, the ALJ did provide specific and legitimate reasons when rejecting Dr. Collado's opinion.

### a. Dr. Zhang

Dr. Zhang, Psy.D., performed a consultative examination at the agency's request on July 10, 2012. AR 818-822. Dr. Zhang observed that Plaintiff was disheveled, he spoke slowly, and exhibited moderate psychomotor retardation. AR 819. His mood was depressed, anxious and irritable; his affect was constricted; and he admitted frequent hallucinations. AR 819. Plaintiff was alert, but his intellectual functioning and fund of general information were moderately limited. AR 819. His memory of past events was below average, he had poor attention and concentration, and he needed frequent prompts to remain focused during the evaluation. AR 819. His insight was moderately limited, he had a history of poor judgment, and appeared genuine and truthful with no evidence of exaggeration. AR 819.

Plaintiff's Full Scale I.Q. was 58, which Dr. Zhang opined was an underestimate of Plaintiff's intellectual functioning given his psychosis, mood disturbances, personality problems and poor concentration. AR 820. Plaintiff also did poorly on testing that measures logical memory, verbal associations, visual reproduction, spatial addition and symbol span, which Dr. Zhang also thought was an underestimate caused by Plaintiff's mental impairments. AR 821. Similarly, testing for organic impairments showed moderate limitations. AR 821. Dr. Zhang

stated that these test results appeared valid. AR 822.

Dr. Zhang diagnosed Schizoaffective Disorder, Personality Disorder NOS (not otherwise specified) and assigned a GAF score of 47. AR 822. He opined Plaintiff had mild limitations in his ability to understand, remember, and carry out one-or-two simple instructions, and moderate limitations if the instructions were complex. AR 822. He also found Plaintiff had moderate limitations in his ability to accept instructions from supervisors, and had marked limitations in the following functional areas: the ability to relate and interact appropriately with the public, co-workers and supervisors; the ability to maintain concentration, persistence and pace; the "ability associated with common work activity including attendance and safety"; the ability to maintain regular attendance and to perform work activities consistently; the ability to perform work activities without special or additional supervision; and to manage money on his own behalf. AR 822.

When evaluating Dr. Zhang's opinion, the ALJ summarized the doctor's findings. He noted Dr. Zhang found Plaintiff had mild limitations in his ability to carry out simple one or two-step instructions, and that his ability to interact appropriately with supervisors, coworkers, and the public was markedly limited. However, the ALJ also noted that the terms "mild" and "marked" were undefined. AR 26. He further stated the following:

> State agency psychiatric consultant G. Ikawa, M.D., reviewed the relevant evidence in March 2012. He opined that claimant had a "severe" mental impairment, and the ability to perform simple, repetitive tasks, was consistent with the findings in the prior ALJ['s] decision. On reconsideration, M. Morgan M.D., reviewed the relevant evidence and adopted the findings from the prior ALJ decision. Both doctors accorded great weight to Dr. Zhang's report and opinion.

AR 27 (Citations omitted).

This is the entirety of the ALJ's analysis with regard to all of these doctors' opinions which is insufficient. First, although the ALJ noted that Dr. Zhang found Plaintiff had marked limitations in his ability to interact appropriately with supervisors, coworkers and the public, he did not include all of Dr. Zhang's additional marked limitations including : (1) Plaintiff's impaired ability to maintain concentration, persistence and pace; (2) his ability associated with

8

common work activity including attendance and safety; (3) his ability to maintain regular attendance and perform work activities consistently; and (4) his ability to perform work activities without special or additional supervision . In fact, the ALJ did not address the marked limitations in any way. AR 26; 822. The only reference the ALJ made to the limitations was that terms mild and marked were not defined in the report. AR 26. This is not a specific reason to reject the marked limitations, especially since the majority of the limitations were not mentioned in the ALJ's opinion. Furthermore, even *assuming arguendo* that the ALJ's references to the doctors' failure to define these terms was meant to be a reason to reject the opinion, it is not a legitimate one since Dr. Zhang is a state agency doctor who is trained and familiar with disability terms and definitions.

Finally, the ALJ did not indicate how much weight he was giving each of the doctors' opinions. The Commissioner argues that it can be inferred from the opinion that the ALJ credited Dr. Zhang's opinion and the state agency doctors' opinions only to the extent that Plaintiff could perform simple tasks. However, if the ALJ intended to give Dr. Zhang's other findings less weight, he was required to provide specific and legitimate reasons for doing so. *Ghanim*, 763 F. 3d at 1161; *Lester*, 81 F.3d at 830. Therefore, his assessment with regard to Dr. Zhang's opinion is not supported by substantial evidence.

Plaintiff has argued that in light this error, the ALJ's finding that Plaintiff had not rebutted the presumption of nondisability is not supported by substantial evidence. The Court agrees. A decision by an ALJ denying benefits may create a presumption that a claimant continued to be not disabled during a subsequent, unadjudicated period. *Chavez v. Bowen*, 844 F.3d 691, 693 (9th Cir. 1988). Plaintiff may rebut this presumption by showing "'changed circumstances.'" *Lester*, 81 F.3d at 827 (quoting *Taylor v. Heckler*, 765 F.2d 872, 875 (9th Cir. 1985)). Examples of "changed circumstances" are an increase in the severity of a claimant's impairment, or the existence of a new impairment not considered in the previous application. *Id*. Here, because the ALJ did not provide specific and legitimate reasons for rejecting Dr. Zhang's opinion, the ALJ's finding that Plaintiff has not rebutted the presumption was improper.

9

### b. Dr. Callado

On May 21, 2014, Dr. Collado opined that Plaintiff had a significant impairment in his memory, concentration, intelligence, and judgment. Significant impairment was defined as one that would impair Plaintiff's ability to perform simple work for two hours at a time or eight hours a day. AR 1520. She also opined that Plaintiff's mood or affect also would impair his ability to work. AR 1520. Other abnormalities that would significantly impair Plaintiff's ability to work were his hallucinations, delusional or paranoid thoughts, mood swings and social isolation. AR 1520. Plaintiff needed assistance from others with activities of daily living to achieve a socially acceptable standard of self-care; his deficient social functioning impaired his ability to work with supervisors, coworkers or the public; his mental illness impaired his ability to adapt to stresses common to the normal work environment; and his medications cause adverse side effects that impaired his ability to perform normal work. AR1521. Dr. Collado opined Plaintiff's condition was unlikely to improve during the next 12 months and she indicated she saw him every eight weeks since March 4, 2010 until April 2014. AR 1521.

The ALJ gave this opinion "little" weight for several reasons : (1) the doctor provided a check box form; (2) although mental status examinations from Fresno County Behavior Health indicated motor retardation, impaired memory, abnormal thought content, anxiety, and irritable mood, Plaintiff's primary care doctors reported full orientation, normal insight and judgment, and appropriate mood and affect during the same time period; (3) Dr. Chuahan, Plaintiff's neurologist, did not report any psychiatric abnormality; (4) the prior ALJ noted inconsistencies between Dr. Collado's opinions and the opinions of other examining physicians; and (5) Dr. Collado and other doctors appeared to be unaware of Plaintiff's daily consumption of drug use through at least 2013, which the state agency doctors considered. AR 27.

The Court finds that three of these reasons are specific and legitimate. First, Dr. Collado's report is a check-box form which can serve as a basis to reject an opinion. *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir.1996) (An ALJ may "permissibly reject[ ] ... check-off reports that [do] not contain any explanation of the bases of their conclusions."); *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001) ("[T]he regulations give more weight to opinions that are explained

than to those that are not."); *Magallenes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (A brief and conclusionary form opinion which lacks supporting clinical findings is a legitimate reason to reject a treating physician's conclusion). Additionally, while Dr. Collado reported an abnormal mental status examination, other physicians who saw Plaintiff during the same time period reported contrary findings. AR 27. For example, Plaintiff's primary care physicians documented generally normal findings (e.g. full orientation, appropriate mood and affect, normal insight and judgment). AR 1357; 1359; 1365; 1368. Similarly, Dr. Chauhan, Plaintiff's neurologist, who has seen Plaintiff for over a decade, never reported any psychiatric abnormality.[5] AR 875-1287.

Notwithstanding the above, the Court finds that the other reasons – Dr. Collado's lack of knowledge about Plaintiff's use of drugs, and the prior ALJ's reliance on inconsistencies between Dr. Collado's opinons and other examining sources - are not legitimate reasons. The citations to the medical record the ALJ gave to support his findings that Dr. Collado was unaware of Plaintiff's drug use during the applicable time are from other doctors and are not relevant to Dr. Collado's report. AR 1313 (Dr. Raypon dated 3/4/10); 1337(Dr. Champlin 8/7/08). Similarly, the fact that a prior ALJ found Dr. Collado's opinion inconsistent with the opinions of other examining sources is not a legitimate reason to reject Dr. Collado's current evaluation because Dr. Collado's most recent report was not available at the time of the prior ALJ's findings. Notwithstanding, these errors are harmless since the ALJ provided other specific and legitimate reasons for rejecting Dr. Collado's opinion. *See, Molina v. Astrue*, 674 F. 3d 1104, 1115 (9th Cir. 2012) (An ALJ's error is harmless where it is "inconsequential to the ultimate nondisability determination.")

*c. Dr. Chauhan*

On February 27, 2014, Dr. Chauhan, opined Plaintiff was unable to work full-time at any exertional level because of his low back pain, bilateral knee pain, neck pain and headaches. AR 1429. Specifically, Dr. Chauhan opined Plaintiff could sit for ten minutes at a time for a total of two hours in an eight-hour workday, stand/walk for two to five minutes for a total of two hours in

---

[5] Although Dr. Chauhan's notes reflect evaluations only of Plaintiff's physical impairments, the letterhead on his treatment notes indicates that he is a Diplomate of the American Board of Psychiatry and Neurology. AR 1370

11

an eight-hour workday, and must lie down every two hours for fifteen minutes. AR 1429. The ALJ gave this opinion no weight for the following reasons:

> … I give no weight to Dr. Chauhan's opinion indicating a less than sedentary residual functional capacity. The claimant testified at the hearing that he could stand and/or walk for at least 45 minutes or an hour, much longer than the few minutes assessed in this opinion. Moreover, Dr. Chauhan's opinion that the claimant's impairment has been the same since March 2001 is inconsistent with the prior ALJ's findings in 2008. The prior ALJ actually discounted an earlier opinion by Dr. Chuahan, apparently indicating [a] much less impairment. Considering the aforementioned inconsistencies, and the lack of credible findings supporting the latest opinion, I accord it no weight.

AR 28.

The Court finds that these reasons are specific and legitimate. First, Plaintiff's own testimony that he is able to walk for 45 minutes (AR 46) undercuts Dr. Chauahan's opinion that Plaintiff could only stand or walk for a few minutes at a time. AR 1429. Plaintiff contends this testimony is not necessarily inconsistent because it is unclear from his testimony whether 45 minutes was a total period of time he could walk in a day, or the amount of time he could walk at one time. However, the Court must adopt the ALJ's interpretation of the evidence when it is rational as it is here. *See, Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 523 (9th Cir. 2014) ("The court must consider the record as a whole and weigh 'both the evidence that supports and the evidence that detracts from the ALJ's' factual conclusions" and "'[i]f the evidence can reasonably support either affirming or reversing,' the reviewing court 'may not substitute its judgment' for that of the Commissioner"); *Thomas v. Barnhart*, 278 F.3d at 954 (Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld.)

Similarly, the ALJ is permitted to reject a physician's opinion when it is internally inconsistent, or when it is inconsistent with other evidence in the record. Rejecting an opinion that contains internal inconsistencies is a specific and legitimate reason to discount the opinion. *Roberts v. Shalala*, 66 F.3d 179, 184 (9th Cir. 1995) (rejection of examining psychologist's

functional assessment which conflicted with his own written report and test results); *see also Buckner-Larkin v. Astrue*, 450 Fed. Appx. 626, 628 (9th Cir. 2011) (*unpub'l*) (affirming the ALJ's rejection of a physician's opinion because the opinion contained internal inconsistencies and was inconsistent with other medical evidence). In his assessment, Dr. Chuahan noted that Plaintiff became disabled in 2001 to the same degree that was reflected in his current report. However, in 2005, Dr. Chauhan indicated that Plaintiff was able to do light work with postural restrictions, which are limitations that are less restrictive than the doctor's current report which limits Plaintiff to sedentary work. AR 223; 1429. This inconsistency reasonably raised questions regarding the legitimacy of the doctor's representations and conclusions. Therefore, the ALJ's reliance on this evidence is a specific and legitimate reason supported by substantial evidence to reject the opinion.

## IX. REMAND FOR FURTHER ADMINSTRATIVE PROCEEDINGS

The Court must determine whether this action should be remanded to the Commissioner with instructions to immediately award benefits, or whether this action should be remanded to the Commissioner for further administrative proceedings. Remand for further proceedings is appropriate when an evaluation of the record as a whole creates serious doubt as to whether the claimant is in fact disabled. *Garrison v. Colvin*, 759 F. 3d 995, 1021 (9th Cir. 2014). Conversely, a court should remand with for an award of benefits when: (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Id*. at 1020. Even if all three of these criteria are met, the Court can retain flexibility in determining an appropriate remedy. *Brown-Hunter v. Colvin*, 806 F. 3d 487, 495 (9th Cir. 2015).

Here, remand is appropriate so that the ALJ may properly consider and discuss Dr. Zhang's (the consultative psychologist) opinion. Additionally, as outlined above, the ALJ needs to develop the record regarding Plaintiff's borderline age at the time of the hearing, as well as to make findings regarding Plaintiff's current eligibility for benefits given that he is now over 55

years of age (if the ALJ finds this appropriate to do so). The ALJ is also free to reevaluate his analysis and/or further develop the record with respect to any or all of these additional issues. The court expresses no opinion regarding how the evidence should ultimately be weighed, or how any ambiguities or inconsistencies should be resolved on remand.

**X. CONCLUSION**

Based on the foregoing, the Court finds that the ALJ's decision is not supported by substantial evidence and is not based on proper legal standards. Accordingly, this Court GRANTS Plaintiff's appeal against the Commissioner of Social Security IN PART, and DENIES the Commissioner's Cross-Motion for Summary Judgment. This action is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion. The Clerk of this Court shall enter judgment in favor of Plaintiff, Stan P. Harris , and against Nancy A. Berryhill, Commissioner of Social Security. The Clerk of the Court is directed to close this action.

IT IS SO ORDERED.

Dated: **August 15, 2017**         **/s/ Gary S. Austin**
                                  UNITED STATES MAGISTRATE JUDGE